Elsie G. McArdle, Plaintiff, *v.* Margaret Hurley,
Defendant.

(Supreme Court, New York Special Term, May, 1918.)

Deeds — restrictive covenants contained in — release — real property —
damages — actions.

In an action for damages for breach of a restrictive covenant
in a deed of a certain lot against the use of the premises for
the sale of ardent or intoxicating drinks, it appeared that a
deed from the original owner of said lot and others, made in
1848, and containing a like covenant, provided that, if the con-
ditions of the deed were not faithfully performed and kept,
the estate in the premises of the grantee, his heirs and assigns,
or any of them, should cease and determine with immediate
reversion to the grantor, his heirs and assigns. The lot in
question was later conveyed by B by a deed containing a like
covenant with the same right for its breach. Thereafter the
original owner released all the lands conveyed by him from the
effect of such condition subsequent but there was no release
to B, nor did he join in the covenant with his co-owners. In
1885, the lot in question was conveyed by defendant free and
clear of all incumbrances. Upon the denial of a motion to set
aside a verdict in favor of defendant, *held,* that the condition
imposed by the original owner was valid and enforcible against
all the grantees to whom was conveyed land burdened with the
conditional limitation.

Upon the execution of the release to all the grantees of the
original owner of his right to enforce the condition subsequent,
the possibility of reverter fell, and the previous grant by B
could not of itself affect the sort of fee conveyed but its effect
was to continue to impose for the benefit of adjacent property
owned by the original grantor the prevention of the described
use of the property.

When this right was lost to the original owner by the exe-
cution of the release and all other owners consented to its
abandonment, B, who owned no adjoining property and was
not a grantor to a number of grantees whom he was subjecting

to similar conditions for the preservation of the character of the neighborhood, was no longer a common covenantor and was devoid of right or obligation and, therefore, of remedy.

Action for damages for breach of warranty.

B. W. B. Brown (Harold Swain and Edwin W. Cady, of counsel), for plaintiff.

Oliver E. Davis (George H. Taylor, Jr., of counsel), for defendant.

McAvoy, J. The real property here involved was conveyed upon a condition subsequent with right of re-entry for condition broken. This right of re-entry could be reserved at common law only to the grantor or his heirs and was not descendible, assignable or in anywise alienable to a stranger. It was but a bare possibility of reverter, not a reversion, which could be availed of by the heir as representative of the *persona* of his ancestor and not through descent. 29 Challis, 206; Plowden, 242. The original grantor, Gouverneur Morris, imposed such a condition subsequent with right of reverter upon some 200 lots, including this parcel, in the village of Morrisania in September, 1848. In December, 1848, one Baldwin conveyed to George R. Tremper the lot here in question and imposed the same condition with the same right for its breach upon the land. In 1849 Morris released all the lands conveyed by him from the effect of this condition, but there is no release to Baldwin, nor did Baldwin join in the covenant with his co-owners. The present defendant in 1885 conveyed the premises with warranty that they were free and clear of all incumbrances, and the cause arises for a breach of that warranty, since it is claimed that the fee is damaged by this condition, which still subsists of record and is alleged to be capable of

enforcement by Baldwin or his heirs for condition broken. The clause creating the condition follows: " But this indenture is upon the express condition that no ardent or intoxicating drinks shall be manufactured or bought or sold on the premises hereby conveyed to be used as a beverage, and further that the grantee or party hereto of the second part, his heirs or assigns shall within three years from the date hereof, erect or cause to be erected on the said premises a neat dwelling house of the value of at least three hundred dollars and that no dwelling house shall be erected on the said premises of less value than three hundred dollars. And in case the said conditions are not faithfully performed and kept, the estate in the said premises of the said grantee, or party of the second part, his heirs or assigns or any of them, shall cease and determine, and the said premises shall immediately revert to the grantor or party of the first part and his heirs or assigns." It is conceded that the condition as to the character of dwelling has been complied with and there is left the restriction against the use of the premises for the sale or manufacture of ardent or intoxicating drinks, for violation of which the condition subsequent is broken and right of entry through the possibility of reverter, it is alleged, arises in the grantor Baldwin or his heirs. At trial it was held that since the law abhors forfeitures of vested estates and will not presume the possibility thereof on mere conjecture the plaintiff should establish the existence of some person capable according to the legal requirements of enforcing the condition by a re-entry, which ruling was contrary to the generally current doctrine that heirs capable of acquiring by descent are presumed to exist. If there be no exception to the latter concept and the rule announced was erroneous, nevertheless I am quite convinced that this condition is not enforcible as a matter of law, even if heirs exist, for these reasons:

There is no room to doubt that the condition imposed by Gouverneur Morris was valid, binding and enforcible on all the grantees to whom was conveyed land burdened with this conditional limitation. It was a fee, but a base or determinable one by the deed creating it. But upon his release to all his grantees of his right of enforcement of the condition subsequent, it is manifest that the possibility of reverter fell, and the previous grant by Baldwin with the Morris condition contained in his deed was not potent of itself to affect the sort of fee conveyed, but its effect was to continue to impose for the benefit of adjacent property owned by the original grantor, Morris, the prevention of the described use of the property. When this right was lost to Morris by release, and all other owners consented to its abandonment, Baldwin, no longer a common covenantor, was devoid of right or obligation and therefore of remedy. The grantor Baldwin owned no adjoining property, nor was he a grantor to a number of grantees whom he was subjecting to similar conditions for the preservation of the character of the neighborhood. Under such circumstances the condition prescribed is not enforcible since it is without even the fiction of a consideration to support it. It is a *donum gratuitum* and neither law nor equity will give it force. It is inevitable that the condition will not be enforced by the court from its nature as *nudum pactum* and the circumstances of its inclusion in the Baldwin deed and the subsequent release of all the contiguous property from its burdens. Since there is no detriment to the estate through any enforcible condition there can be no damage created through the breach of the covenant against incumbrances. The verdict is therefore right in effect and will stand.

Judgment accordingly.